**In re William R. MORGAN and Janice J. Morgan, Debtors.**

**KANSAS DEPT. OF REVENUE, Plaintiff,**

v.

**William R. MORGAN and Janice J. Morgan, Defendants.**

**Bankruptcy No. 94–21379–7.
Adversary No. 95–6191.**

United States Bankruptcy Court,
D.  Kansas.

Aug. 14, 1997.

J.D. Befort, Topeka, KS, for plaintiff.

Richard M. Beheler, Blackwell, Sanders, Matheny, Weary & Lombardi, P.C., Kansas City, MO, for debtors/defendants.

*ORDER DENYING MOTION AND
AMENDED MOTION TO ALTER
OR AMEND JUDGMENT* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

William R. Morgan and Janice J. Morgan have moved to alter or amend the Court's

---

1.  Plaintiff Kansas Department of Revenue ap-          pears by its attorney, J.D. Befort, Topeka, Kan-

June 13, 1997, decision that the Kansas Department of Revenue holds a nondischargeable, general unsecured claim for state income taxes.

The Morgans argue the Court has misapplied § 523(a)(1)(B), which excepts from discharge any tax debt with respect to which a required tax return was not filed:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> (1) for a tax or customs duty—
>
> . . . .
>
> (B) with respect to which a return, if required—
>
> (i) was not filed. . . . [2]

Because the Morgans filed Kansas income tax returns for 1983 and 1984, they claim to have satisfied this statute. Their premise is that the word "return" in § 523(a)(1)(B) does not mean "amended return." They support this notion by pointing out that under the Internal Revenue Code, the filing of original income tax returns satisfies a taxpayer's filing duty; therefore, the taxpayer has no obligation to file amended returns, the Morgans say. As far as it goes this may be so, but what is the taxpayer's duty to the IRS when confronted by a Revenue Agent's Report showing additional tax due? Is there not a duty to file an amended return? In any event, the statute under construction is a nondischargeability provision of the Bankruptcy Code, not a provision of the Internal Revenue Code. And the income tax returns in question are state returns, not federal returns.

Furthermore, the Morgans neglect to discuss the words "if required" in § 523(a)(1)(B) and the directive of **Kan. Stat. Ann. § 79–3230(f) (1989)**. Under the Kansas statute, the "returns required" are "amended returns" accompanied by the Revenue Agent's Report ("RAR"), not the original returns the Morgans admittedly filed for 1983 and 1984:

> (f) Any taxpayer whose income has been adjusted by the federal internal revenue service is required to report such adjustments to the Kansas department of revenue by mail within 180 days of the date the federal adjustments are paid, agreed to or become final, whichever is earlier. *Such adjustments shall be reported by filing an amended return for the applicable taxable year and a copy of the revenue agent's report detailing such adjustments.*[3]

Finally, the Morgans' counsel says, "Nothing more would have been achieved by the Morgans filing an amended return and again forwarding another copy of the RAR to the KDOR."[4] But something more could have been achieved! Filing amended returns and forwarding the Revenue Agent's Report would have notified the Department of Revenue of the adjustment and caused it to assess and commence proceedings to collect additional taxes within 180 days after receipt of the amended returns and the Agent's Report. Although the IRS apparently sent the Revenue Agent's Report to the Department at some point, the Morgans have not shown the Court that the Department has an established procedure for initiating the assessment of additional taxes upon receipt of that report, rather than upon receipt of the amended returns required by **Kan. Stat. Ann. § 79–3230(f)**.

Accordingly, the Morgans' Amended Motion to Alter or Amend the Court's decision of June 13, 1997, is denied.

---

sas. Debtors/defendants William R. and Janice J. Morgan appear by their attorney, Richard M. Beheler of Blackwell, Sanders, Matheny, Weary & Lombardi, P.C., Kansas City, Missouri.

2. 11 U.S.C. § 523(a)(B)(i).

3. **Kan. Stat. Ann. § 79–3230(f) (1989)** (emphasis added).

4. Amended Motion of William R. Morgan and Janice J. Morgan to Alter or Amend Judgment filed June 24, 1997, at 5.