(8 P.3d 18)
No. 83,059

IN THE MATTER OF THE APPEAL OF LARRY N. TRICKETT FROM
AN ORDER OF THE DIVISION OF TAXATION ON ASSESSMENT OF
INCOME TAX

Opinion filed June 16, 2000.

*Michael D. Burrichter*, special assistant attorney general, of Kansas Department of Revenue, for appellant.

*Larry N. Trickett*, appellee pro se.

Before BRAZIL, C.J., RULON, J., and RICHARD B. WALKER, District Judge, assigned.

WALKER, J.: The Kansas Department of Revenue (KDR) appeals the decision by the Kansas Board of Tax Appeals (BOTA) that part of its assessment for Larry N. Trickett's income taxes was untimely under K.S.A. 1999 Supp. 79-3230(f).

The facts and procedural path followed by this case are complex and are as follows:

During the years of 1988 through 1991, Trickett resided in Kansas and received income from his employment in excess of $10,000 for each of those years. The KDR did not receive any income tax returns from Trickett for those years.

The Internal Revenue Service (IRS) and Kansas have an agreement under which the IRS provides a Revenue Agent's Report (RAR) to KDR about Kansas taxpayers whose income has been adjusted based on a completed IRS audit. The taxpayer receives a copy of the RAR. Upon receipt of the RAR, a taxpayer is required to file an amended state income tax return; if not, KDR assesses taxes based on the RAR. On December 13, 1994, KDR received an RAR from the IRS dated September 15, 1994, regarding its audit of Trickett's income from 1988 through 1991.

Nearly two years later, KDR had not received Trickett's amended Kansas income tax for 1988-1991 and assessed income taxes against him for that period based upon the RAR. Trickett appealed this assessment of the Secretary of Revenue (Secretary). Trickett alleged he had filed Kansas income tax returns, but failed to provide documentation with his appeal. Trickett contended he was not liable because the RAR was not a final decision. No documentation was attached to show an appeal was pending. Trickett paid the 1990 and 1991 assessments, and that portion of his appeal was dismissed. The Secretary found KDR's assessments for 1988 and 1989 were timely under K.S.A. 1999 Supp. 79-3230.

Trickett appealed the Secretary's ruling to BOTA, alleging the Secretary failed to consider whether the RAR adjustment was final as required under K.S.A. 1999 Supp. 79-3230(f). Trickett showed the dates he had filed his federal income tax returns for 1988 and 1989, and the 3-year federal statute of limitations had expired to assess taxes on those returns. Because the RAR was completed after the federal statute of limitations to assess taxes had expired, Kansas could not assess taxes under K.S.A. 1999 Supp. 79-3230(f) based on the RAR. Again, Trickett did not show any documentation to BOTA to prove he had appealed the RAR assessments in the federal system.

KDR argued the provision for tolling the statutes of limitations, K.S.A. 1999 Supp. 79-3230(g), applied. Trickett had not filed an income tax return under K.S.A. 1999 Supp. 79-3230(a), and Trickett had not filed an amended income tax return and RAR under K.S.A. 1999 Supp. 79-3230(f). Trickett's failure to file the tax returns made KDR's assessment of income taxes for 1988 and 1989 timely under subsection (g). KDR argued the federal statutes of limitations to complete a RAR were not applicable.

BOTA found Trickett had not filed Kansas income tax returns for 1988 and 1989. BOTA concluded "the statute of limitations for tax years 1988 and 1989 had been tolled [under K.S.A. 79-3230(g)] because [Trickett] had not filed income tax returns for those two years. Therefore, [KDR] could make adjustments to [Trickett's] income." It then stated: "However, that all assumes that [KDR] made its adjustments from information other than a RAR."

BOTA found K.S.A. 1999 Supp. 79-3230 placed a duty upon KDR to assess taxes within 180 days from the date it received the RAR. Unquestionably, KDR assessed the taxes more than 180 days after its receipt of the RAR. Therefore, BOTA held the assessments made by KDR for tax years 1988 and 1989 were invalid. BOTA rejected KDR's argument that K.S.A. 1999 Supp. 79-3230(g) tolled the statute of limitations when Trickett did not file an amended return within 180 days of the RAR.

BOTA granted KDR's petition for reconsideration on one issue only, the interpretation of K.S.A. 1999 Supp. 79-3230(f) and (g). After reconsideration, BOTA again held KDR had failed to comply

with K.S.A. 1999 Supp. 79-3230(f) by not assessing taxes within 180 days after receipt of the RAR; therefore, the statute of limitations was not tolled under K.S.A. 1999 Supp. 79-3230(g).

All of the issues raised by KDR involve BOTA's application or interpretation of a statute. The interpretation and application of a statute to undisputed facts is a question of law and appellate review is unlimited. *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, 514, 930 P.2d 1366 (1997); *In re Burrell*, 22 Kan. App. 2d 109, 112, 912 P.2d 187, *rev. denied* 260 Kan. 993 (1996). BOTA's decisions should be given great credence and deference when it is acting in its area of expertise. But, if BOTA's interpretation is erroneous as a matter of law, the court shall grant relief. K.S.A. 77-621(c)(4) and *Boeing*, 261 Kan. at 515. Similarly, BOTA owes deference to KDR's decisions. *Burrell*, 22 Kan. App. 2d at 112.

The applicable portions of K.S.A. 1999 Supp. 79-3230 are as follows:

"(f) Any taxpayer whose income has been adjusted by the [IRS] is required to report such adjustments to [KDR] by mail within 180 days of the date the [IRS] adjustments are paid, agreed to or become final, whichever is earlier. Such adjustments shall be reported by filing an amended return for the applicable taxable year and a copy of the federal or state revenue agent's report detailing such adjustments. . . .

"Notwithstanding the provisions of subsection (a) or (c) of this section, additional income taxes may be assessed and proceedings in court for collection of such taxes may be commenced and any refund or credit may be allowed by [KDR] within 180 days following receipt of any such report of adjustments by the [KDR]. No assessment shall be made nor any refund or credit shall be allowable under the provisions of this paragraph except to the extent the same is attributable to changes in the taxpayer's income due to adjustments indicated by such report.

"(g) In the event of failure to comply with the provisions of this section, the statute of limitations shall be tolled."

KDR's first point on appeal is that BOTA improperly raised and ruled on the statute of limitations issue on its own motion.

During KDR's arguments, a BOTA member stated she interpreted K.S.A. 1999 Supp. 79-3230(a) to mean KDR's assessment of state income taxes based on the RAR must be done within 180 days from KDR's receipt of that RAR. KDR argued such an interpretation was not presented by Trickett and BOTA lacked authority

to raise it. In its order granting limited reconsideration, BOTA found it was not prohibited by statute or case law from raising its own issues at a hearing; thus, BOTA could raise and decide issues on its own.

KDR challenges BOTA's statutory authority to raise issues on its own initiative. Contrary to BOTA's holding, its authority is determined by express statutory language, not statutory silence. As a state agency, BOTA's powers are limited to those the legislature expressly grants to it by statute. Any exercise of authority claimed by BOTA must come from within the statutes. BOTA cannot exercise general or common-law power. *Sage v. Williams*, 23 Kan. App. 2d 624, 628-29, 933 P.2d 775, *rev. denied* 262 Kan. 962 (1997).

KDR further argues K.S.A. 1999 Supp. 79-3230(f) is a statute of limitations, and a defense based upon a statute of limitations is an affirmative defense which a party must assert, not a court. As such, the issue becomes, does a statute allow BOTA to raise a statute of limitations defense?

Under K.S.A. 1999 Supp. 74-2438, BOTA must conduct a hearing according to the Kansas Administrative Procedure Act, K.S.A. 77-501 *et seq*. That act provides *all parties* must be given the opportunity to respond, present evidence and argument, unless restricted by the prehearing order. K.S.A. 77-523(b). Further, the Administrative Procedure Act states it "creates only procedural rights and imposes only procedural duties. They are in addition to those created and imposed by other statutes." K.S.A. 77-503(b).

Under the Kansas Code of Civil Procedure, a party must affirmatively plead a defense based upon statute of limitations. K.S.A. 1999 Supp. 60-208(c). Although a court may raise jurisdiction issues on its own motion, the affirmative defense of statute of limitations must be raised by a party. *Frontier Ditch Co. v. Chief Engineer of Div. of Water Resources*, 237 Kan. 857, 864, 704 P.2d 12 (1985).

When BOTA conducts a hearing under K.S.A. 1999 Supp. 74-2438, it is performing a quasi-judicial function. Quasi-judicial is defined as an action by an administrative agency which is required to ascertain certain facts, hold hearings, weigh evidence, make con-

clusions from the facts as a basis for their official action, and exercises discretion of a judicial nature. *Brown v. U.S.D. No. 333*, 261 Kan. 134, 149, 928 P.2d 57 (1996). When performing a judicial function such as holding a contested hearing, BOTA is analogous to a district court, and *Frontier Ditch Co.* controls.

We conclude BOTA does not have statutory authority to raise an affirmative defense on its own.

Next, KDR argues that BOTA exceeded its authority during the de novo hearing, claiming K.S.A. 1999 Supp. 74-2438 does not allow a new hearing on issues not raised previously.

Under K.S.A. 1999 Supp. 74-2438, a hearing before BOTA "shall be a de novo hearing unless the parties agree to submit the case on the record made before the secretary of revenue or the secretary's designee." A de novo review may mean a complete retrial with new evidence, or a trial upon the record made before the lower tribunal to review questions of fact and question of law. *Nurge v. University of Kansas Med. Center*, 234 Kan. 309, 316-17, 674 P.2d 459 (1983). This argument is not pertinent to the issue.

Under either scope of de novo review, the question is BOTA's authority to raise its own issues. Assuming for the sake of argument that BOTA's de novo review encompassed a complete retrial with new evidence, it would not resolve the issue of whether BOTA can raise issues on its own motion. This court need not determine which scope of de novo review applies. Appellate courts do not give advisory opinions or declare principles which cannot affect the matters in issue before the court. *In re Adoption of A.P.*, 26 Kan. App. 2d 210, 220, 982 P.2d 985 (1999).

KDR next contends BOTA improperly placed the burden of proof upon KDR to prove its interpretation of K.S.A. 1999 Supp. 79-3230(f) was correct because Trickett did not challenge it. K.S.A. 77-621(a)(1) provides that the party who asserts the invalidity of an agency action bears the burden of proof. This statute is under the Act for Judicial Review and Civil Enforcement of Agency Actions. As noted above, under K.S.A. 1999 Supp. 74-2438, BOTA hearings are conducted according to the Kansas Administrative Procedure Act. The Act does not establish which party carries the burden of proof. Nevertheless, case law does so provide.

An interpretation of a statute by an agency charged with the responsibility of enforcing that statute is entitled to great judicial deference. The party challenging the validity of the agency's action has the burden of proving the invalidity of the action. *In re Application of Zivanovic*, 261 Kan. 191, 193, 929 P.2d 1377 (1996).

After BOTA raised the statute of limitations issue at the hearing, and KDR explained its interpretation, Trickett did not argue how K.S.A. 1999 Supp. 79-3230 should be interpreted. At the hearing on reconsideration after KDR gave further explanation for its interpretation, Trickett argued again the RAR was not final, and, under K.S.A. 1999 Supp. 79-3230(f), that KDR's actions were untimely and tolled by the 180-day provision. Trickett's interpretation is inconsistent.

If Trickett's contention that the RAR was not final was correct, then KDR's time to assess the taxes had not begun to run, and KDR's assessment was premature, not late. KDR is not yet tolled from assessing the taxes—contrary to Trickett's interpretation. Trickett's allegation did not demonstrate KDR's interpretation was incorrect. Arguably, BOTA did not give appropriate deference to KDR's interpretation as noted in the standard of review above.

The next question is whether the RAR was final when KDR made its assessments on Trickett for 1988 and 1989.

At the hearing, a BOTA member requested KDR to provide proof that the RAR was a final determination because Trickett testified he was disputing the IRS adjustment. KDR responded it was Trickett's burden of proof to show the RAR was still being disputed.

BOTA's initial order stated this issue did not have to be decided because under its interpretation of K.S.A. 1999 Supp. 79-3230(f), KDR did not timely assess the taxes. But, a concurring opinion stated that KDR did not present sufficient evidence to support its assessments because the RAR had been destroyed. However, when the order for reconsideration was filed, BOTA found KDR had not proven the IRS adjustment was final. Consequently, Trickett was not required under K.S.A. 1999 Supp. 79-3230(f) to file an amended return. As such, Trickett had complied and subsection (g) was not applicable.

KDR argues (1) it does not have the burden of proof to show the RAR was final, rather, Trickett had the burden of proof to show it was not final, and (2) Trickett did not carry his burden of proof. Because Trickett challenged KDR's action to assess taxes, he bears the burden of proof to show the invalidity of its action or that the RAR was not a final determination. BOTA erred by placing the burden of proof on KDR to prove the RAR was final. However, we need not remand to BOTA for a determination of whether Trickett carried his burden of proof.

As a matter of law, this court reviews the evidence presented to BOTA to decide if Trickett carried his burden of proof. BOTA did not mislead Trickett into believing he did not carry the burden of proof when he had the opportunity to present evidence regarding the finality of the RAR. BOTA's remarks occurred during KDR's closing argument. Trickett's response was that he had met his burden of proof by providing evidence from the IRS which showed he had filed his federal income tax returns and the federal statute of limitations had expired when the RAR was completed. Trickett did not believe he had to provide additional documents.

The failing of Trickett's argument is that BOTA could, and did, find that even though the *federal* statute of limitations had expired when the RAR was completed, Kansas could still utilize the RAR to assess Kansas income taxes. As such, Trickett still had the burden of proof to show the RAR was not final. The only proof Trickett provided was his assertion that the RAR was disputed. If an appeal was pending in the federal system regarding the RAR's assessment, documentation would have easily been available to carry Trickett's burden of proof.

Before us, Trickett's arguments are similar to those raised before BOTA. Trickett does not consider the RAR final because of his own beliefs regarding the IRS and the United States Tax Court. The finality he argues has nothing to do with a timely and appropriate appeal being filed in the federal system to contest the RAR. Trickett did not carry his burden of proof to show the RAR was not final.

Finally, KDR contends BOTA misinterpreted and misapplied K.S.A. 1999 Supp. 79-3230(f) and (g).

The fundamental rule of statutory construction is that the intent of the legislature governs. A plain and unambiguous statute must be given effect to the expressed statutory language, rather than determining what the law should or should not be. The entire act is considered, and the court has a duty, as far as practicable, to reconcile the different provisions to make them consistent, harmonious, and sensible. *In re Tax Appeal of Boeing,* 261 Kan. at 515.

KDR argues the interpretation of this statute in *In re Morgan,* 209 Bankr. 531 (Bankr. D. Kan. 1997), motion to alter order denied 211 Bankr. 56 (Bankr. D. Kan. 1997), is correct.

At issue is the second paragraph of subsection (f) in K.S.A. 1999 Supp. 79-3230, which BOTA determined meant KDR must assess taxes within 180 days of its receipt of the RAR; if not, KDR was barred from doing so later whether or not the taxpayer filed an amended return and RAR. *Morgan* rejected this interpretation.

In *Morgan,* KDR assessed taxes about 1 year after it received the RAR from the IRS for the Morgan's income and after the Morgans filed bankruptcy. The *Morgan* court concluded the Morgans breached their duty to file amended returns under the first paragraph of subsection (f). Thus, the second paragraph of that subsection, which provided KDR may assess additional taxes within 180 days when taxpayers file an amended return and RAR, had not been triggered. Rather, subsection (g) had been triggered because the Morgans did not file an amended tax return and RAR. Subsection (g) tolls the statute of limitations when a taxpayer does not comply with the provisions of the statute. 209 Bankr. at 532. The *Morgan* court stated such an interpretation is consistent with the Kansas tax system which is based on taxpayer self-assessment. Under such a system, the taxpayer has the burden to initiate the assessment process. 209 Bankr. at 533.

Although not expressly stated in *Morgan,* the court concluded the phrase found in the second paragraph of subsection (f), "within 180 days following receipt of any such report of adjustments by [KDR]," refers to the taxpayer's report, *i.e.,* the amended income tax return and a copy of the RAR as required in the first paragraph of subsection (f). The *Morgan* court rejected the interpretation of

that phrase as referring to IRS's report when it sends the RAR. 209 Bankr. at 532-33.

*Morgan's* interpretation is consistent with the legislative intent for taxpayer self-assessment. The legislature clearly contemplated instances when the taxpayer would not file an amended return and RAR. A taxpayer who fails to comply under subsection (f) should not reap greater rewards than a taxpayer who fails to comply under subsections (a) and (c).

In rejecting the *Morgan* case, BOTA stated:

"The statute does not indicate that the 180 day rule only applies if a taxpayer files an amended return. The statute provides that [KDR] may make any adjustments within 180 days after receiving a RAR. It appears that [KDR], if it intends to make any adjustments, must do so within 180 days of receiving the RAR."

Under BOTA's interpretation, subsection (g) would have no effect on subsection (f). If the taxpayer does not file an amended return within 180 days under subsection (f), nothing is tolled because KDR must assess taxes within 180 days as well. A presumption exists that the legislature does not intend to enact useless or meaningless legislation. *KPERS v. Reimer & Koger Assoc., Inc.,* 262 Kan. 635, 643, 941 P.2d 1321 (1997).

When the entirety of the statute is read together, as must be under our standard of review, the tolling of the statute of limitations in subsection (g) additionally applies to the taxpayer's duty to file an amended return and RAR in subsection (f). If so, the statute's effect carries out the Kansas system of taxpayer self-assessments as recognized in *Morgan*.

BOTA's interpretation ignores the Kansas tax system. According to BOTA, "[i]f the Board were to accept [KDR's] assertions, [KDR] could wait years, as it did in this application, to assess additional taxes. The Board can find no statutory justification to allow [KDR] to assess taxes years after it has received the RAR." And, "[i]t is unlikely that the Legislature intended to afford [KDR] an opportunity to do nothing although [KDR] had the necessary information to act."

Additionally, BOTA found KDR had not presented sufficient evidence to carry its burden regarding tolling the statute under

subsection (g) as required under *Slayden v. Sixta*, 250 Kan. 23, Syl. ¶ 1, 825 P.2d 119 (1992). To support this finding, BOTA referred to KDR's destruction of its copy of the RAR and its finding that the RAR was not final. The RAR is not evidence which supports the tolling of the statute of limitations; the filing of an amended tax return and RAR, or lack thereof, is evidence to support tolling the statute of limitations. KDR presented evidence that Trickett's amended return was not filed with KDR. Further, Trickett's defense that he did not have to file an amended return because the RAR was not final is tantamount to an admission that the amended return was not filed. BOTA incorrectly applied the facts to subsection (g).

Finally, we conclude BOTA's interpretation of K.S.A. 1999 Supp. 79-3230(f) and (g) is incorrect, and the interpretation announced in *Morgan* is applicable to the facts of this case.

The decision of the Kansas Board of Tax Appeals is reversed. The ruling of the Secretary of the Kansas Department of Revenue finding Trickett's tax assessments for 1988 and 1989 were timely is ordered reinstated.