(192 P.3d 647)
No. 98,468

IN THE MATTER OF THE APPEAL OF LEMONS, STEPHEN AND LORETTA, FROM A FINAL DETERMINATION REGARDING 1994 KANSAS INCOME TAX.

Opinion filed September 19, 2008.

*Jay D. Befort*, of Kansas Department of Revenue, for appellant.

*S. Lucky DeFries* and *Jeffrey A. Wietharn*, of Coffman, DeFries & Nothern, of Topeka, for appellees Stephen and Loretta Lemons.

Before HILL, P.J., PIERRON and GREEN, JJ.

HILL, J.: This case is a judicial review of an order of the Board of Tax Appeals (BOTA) allowing a tax refund to Stephen and Loretta Lemons, a couple who successfully sued the Internal Revenue Service (IRS) for a tax refund. The Kansas Department of Revenue (KDOR) argues the Lemons failed to file their adjusted return in a timely way. Because we cannot read words into a plainly written statute that would alter its meaning, we affirm the Board of Tax Appeals.

*A time line correctly presents the background of this appeal.*

| | |
|---|---|
| August 1995: | The Lemons filed their 1994 federal and state income tax returns. |
| April 1999: | The IRS sent a report to the Lemons about the audit of their 1994 return. The Lemons disagreed with the report and elected to pay the added tax as requested by the IRS and then sue for a refund. |
| November 30, 2001: | The Lemons filed suit in the United States District Court, District of Kansas, seeking a refund of the added taxes they paid because of the IRS's 1999 report. |
| December 22, 2003: | The Lemons received documents from the IRS reporting their adjusted federal income tax liability for 1994. |
| February 9, 2004: | The Lemons and the IRS agreed to a refund to the Lemons of $410,000 from overpaid taxes and interest. |
| March 2004: | The Lemons received federal tax refund checks under the settlement agreement. |
| December 29, 2004: | The Lemons filed an amended 1994 Kansas income tax return with the KDOR. The return contained schedules reflecting federal income adjustments that would result in a state tax refund for the 1994 tax year. |

Following a completed audit, the IRS, by agreement with KDOR, provides a Revenue Agent's Report (RAR) to KDOR about any adjustments made to a Kansas taxpayer's income. On July 1, 2005, KDOR refused to accept the Lemons' amended 1994 return and refund request because their amended return was not filed within the 180-day period required for reporting adjustments to federal income under K.S.A. 2007 Supp. 79-3230(f). The Lemons timely protested this action to the Secretary of Revenue.

After an informal conference, the Secretary's designee issued a written decision continuing the denial of the Lemons' claim for a refund for the 1994 tax year. The designee decided:

"The purpose of subsection (g) is to prohibit a party who fails to act from obtaining the protection of a period of limitation. . . . Just as a taxpayer should not be allowed to shield themselves from liability by failing to act, [he did not] believe a taxpayer should be allowed to claim a refund by failing to act."

The Lemons timely appealed to BOTA. The parties' filed cross-motions for summary judgment. BOTA, relying on this court's interpretation of the subject statute in the case, *In re Tax Appeal of Trickett*, 27 Kan. App. 2d 651, 8 P.3d 18 (2000), decided the statute of limitations was tolled under K.S.A. 1999 Supp. 79-3230(g). Thus, BOTA ordered KDOR to process the return. Now, by authority of K.S.A. 74-2426(c)(3), KDOR seeks this court's judicial review of BOTA's decision.

*We list the standard of review and the controlling statute.*

This appeal is controlled by the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* The parties do not dispute the facts and limit their arguments to BOTA's interpretation and application of the tolling rules of K.S.A. 2007 Supp. 79-3230(g). So, K.S.A. 77-621(c) defines this court's scope of review in relevant part as follows:

"The court shall grant relief only if it determines any one or more of the following:

. . . .

"(4) the agency has erroneously interpreted or applied the law;

. . . .

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

The statutory provisions that are the focus of this appeal are K.S.A. 2007 Supp. 79-3230(f) and (g). They govern the time limits for KDOR's assessment of added taxes or a taxpayer's request for a refund of state income taxes after the IRS adjusts the taxpayer's federal income following an audit. Subsection (f) gives the parties 180 days to act and subsection (g) tolls the statute of limitations:

"(f) Any taxpayer whose income has been adjusted by the federal internal revenue service . . . is required to report such adjustments to the Kansas department of revenue by mail within 180 days of the date the federal . . . adjustments are paid, agreed to or become final, whichever is earlier. Such adjustments shall be reported by filing an amended return for the applicable taxable year and a copy of the federal . . . revenue agent's report detailing such adjustments. . . .

"Notwithstanding the provisions of subsection (a) or (c) of this section, additional income taxes may be assessed and proceedings in court for collection of such taxes may be commenced *and any refund or credit may be allowed by the director of taxation* within 180 days following receipt of any such report of adjustments by the Kansas department of revenue, or within two years from the date the tax claimed to be refunded or, against which the credit is claimed was paid, whichever period expires later. No assessment shall be made *nor any refund or credit shall be allowable* under the provisions of this paragraph except to the extent the same is attributable to changes in the taxpayer's income due to adjustments indicated by such report.

"(g) *In the event of failure to comply with the provisions of this section, the statute of limitations shall be tolled.*" (Emphasis added.)

*BOTA's ruling follows our holding in Trickett.*

Kansas law, K.S.A. 2007 Supp. 79-3230(f), directs the taxpayer to report any adjustment by the IRS to their federal . . . income to KDOR by filing an amended return "within 180 days of the date the federal adjustments are paid, agreed to or become final, whichever is earlier." The Lemons do not dispute they failed to comply with subsection (f). This noncompliance was the basis of the KDOR's refusal to accept and work their return.

Nevertheless, K.S.A. 2007 Supp. 79-3230(g) provides that "[i]n the event of failure to comply with the provisions of this section, the statute of limitations shall be tolled." As noted above, BOTA viewed K.S.A. 2007 Supp. 79-3230(f) and (g) because of this court's interpretation in *Trickett* to mean the Lemons' failure to comply with subsection (f) tolled the 180-day statute of limitations.

Relying on legislative history, KDOR argues subsection (g) tolls the statute of limitations only in its favor but does not excuse a taxpayer's failure to comply with the compulsory duty in subsection (f) to report timely any federal adjustments to their income. It insists that in relying on *Trickett*, BOTA failed to recognize this court's reason for its holding therein. The Lemons argue in response that BOTA correctly applied *Trickett* to the statute and to the undisputed facts of the case.

The *Trickett* court's interpretation of the statute was in a factual context opposite to this case. Larry N. Trickett lived and worked in Kansas during the tax years of 1988-1991. The KDOR received an RAR from the IRS, but after 2 years the department had received no amended tax return from Trickett. The department eventually assessed taxes based on the RAR. Trickett argued the department only had 180 days after the receipt of the RAR to assess taxes and they failed to do so. In reply, the KDOR argued subsection (g) tolled the 180-day period. *Trickett* overruled BOTA and found subsection (g) tolled KDOR's time for assessing added taxes against any taxpayer who fails to file an amended return on receiving an RAR. 27 Kan. App. 2d at 652.

The *Trickett* court rejected BOTA's prior conclusion the second paragraph of subsection (f) meant KDOR must assess taxes within 180 days of its receipt of the RAR. *Trickett* found such an interpretation had been previously rejected in the holding *In re Morgan*, 209 B.R. 531, *motion to alter order denied* 211 B.R. 56 (Bankr. D. Kan. 1997), which decided that subsection (g) was triggered because the taxpayers failed to file the amended return and RAR required by subsection (f). Therefore, *Trickett* decided "[s]ubsection (g) tolls the statute of limitations when a taxpayer does not comply with the provisions of the statute." 27 Kan. App. 2d at 659.

Given this holding in *Trickett*, BOTA decided the factual distinction between KDOR assessing more taxes versus the Lemons seeking a refund is immaterial because subsection (g) does not state the tolling provision can only be invoked by KDOR and not the taxpayer.

KDOR suggests that this distinction is critical and argues the legislature intended to toll the limitation period only for KDOR and not the delinquent taxpayer. Specifically, KDOR suggests the rationale of *Trickett* and *Morgan* is based only on the system of self-assessment of taxes in Kansas. It argues that BOTA's reliance on the one sentence from *Trickett* set forth above

"does not recognize nor contemplate the additional language found in that case which explains the court's rationale as its holding. . . . Reading the whole case reveals the *Trickett* court analyzed that the limitations period is tolled in favor of the KDOR as a result of a taxpayer's failure to comply with the statute requiring them to amend their returns within 180 days of the date the federal or state adjustments are paid agreed to, or become final. The *Trickett* court, relying on *Morgan*, states that a '[t]axpayer who fails to comply under subsection (f) should not reap greater rewards than a taxpayer who fails to comply under subsections (a) and (c).' 27 Kan. App. 2d at 660. BOTA's reliance on one statement from the *Trickett* case without acknowledging the rationale of that case and *Morgan* does not warrant rewarding non-compliant Appellees with the opportunity to amend a return outside the statutory time frame."

KDOR further asserts that BOTA's order allowing the Lemons to amend their returns after the time frame set out in K.S.A. 2007 Supp. 79-3230(f) ignores the Kansas tax system and "relegates the applicable statute and its limitation periods to meaningless verbiage." See *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 630-31, 132 P.3d 870 (2006) (where a statute is found to be ambiguous, the rules of statutory construction provide that, generally, courts should construe it to avoid unreasonable results and presume the legislature does not intend to enact useless or meaningless legislation).

The trouble with the KDOR's argument is that when a statute is plain and unambiguous, this court must carry out the intent of the legislature as expressed, rather than decide what the law should or should not be. See *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003). Our appellate courts resort to the analytical step of applying canons of statutory construction or relying on legislative history to construe the statute to effect the legislature's intent only if the statute's language or text is unclear. See *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007).

KDOR fails to show how the statutory language here is unclear. Rather, KDOR argues what the law should be. K.S.A. 2007 Supp. 79-3230 (g) does not distinguish between when or in whose favor the statute is tolled. The law's plain language states, "[i]n the event of failure to comply with the provisions of this section"—which includes subsection (f)—"the statute of limitations *shall be tolled.*" (Emphasis added.)

Despite KDOR's request, in cases such as this, where a taxpayer is seeking a refund, we need not speculate why the taxpayer would not immediately seek a refund within the 180-day window that subsection (f) requires. The distinction between applying subsection (g)'s tolling provision in favor of KDOR or in favor of the delinquent taxpayer has no clear legal significance—at least as the statute now reads.

Stated another way, the plain language of K.S.A. 2007 Supp. 79-3230(g) provides that a failure to comply with subsection (f)'s requirement to report adjustments to federal income, the statute of limitations "shall be tolled," without regard to the results such an adjustment will have on the taxpayer's state income tax obligation. This includes KDOR's assessment of added taxes versus the taxpayer's claim to a refund.

KDOR's argument there is no legislative intent for subsection (g) to toll the statute of limitations where the taxpayer is seeking a refund and fails to file timely the amended return, ignores our mandate that this court cannot read into a statute words not readily found therein. Subsection (g)'s tolling provision is not limited to the tolling of the statute of limitations for purposes of KDOR's assessment of added taxes. If the legislature intends to limit the tolling provided for in subsection (g), it is free to do so. As subsection (g) currently reads, the legislature has not done so.

Therefore, we hold that BOTA did not erroneously interpret K.S.A. 2007 Supp. 79-3230(f) and (g) because of *Trickett*'s holding. The Lemons' 1994 amended tax return, though untimely under subsection (f), should be allowed under the tolling provision of

subsection (g). Further, we do not find BOTA's ruling unreasonable, arbitrary, or capricious.

Affirmed.