FILED
United States Court of Appeals
Tenth Circuit

March 6, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

BILLY JOE BARKER, JR.,

    Petitioner - Appellant,

v.

DAN SCHNURR,

    Respondent - Appellee.

No. 19-3266
(D.C. No. 5:19-CV-03213-SAC)
(D. Kan.)

————————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
————————————————————

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
————————————————————

Applicant Billy Joe Barker Jr., a pro se prisoner in the custody of the Kansas

Department of Corrections, requests a certificate of appealability (COA) to challenge the

denial by the United States District Court for the District of Kansas of his application for

relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA for a

prisoner in state custody to appeal from the denial of relief under § 2254). Because

Applicant has failed to make a substantial showing of the denial of a constitutional right,

as required by 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

In 1998 Applicant was convicted on multiple charges including attempted first-

degree murder of three police officers and the aggravated assault of a fourth. He was

sentenced to a total term of 562 months' imprisonment. On appeal the Kansas Court of

Appeals (KCOA) affirmed Applicant's convictions and sentences except it dismissed the

conviction of aggravated assault and set aside one of the attempted-murder convictions, permitting the State to retry that charge on remand. *See State v. Barker,* No. 81,092, 2000 Kan. App. LEXIS 609, at *1 (Kan. Ct. App. May 26, 2000) (unpublished). On remand the State declined to retry the attempted-murder charge; and in 2001 the district court resentenced Applicant on the remaining convictions again to 562 months' imprisonment.

In 2016 Applicant claimed his sentence was illegal based on new case law governing his criminal-history score. The Kansas district court reduced his sentence to 514 months, but it rejected his claim that the court had lacked jurisdiction to resentence him in 2001. The KCOA affirmed on appeal, stating, among other things, that the resentencing under a new statute did not violate Applicant's due-process rights because his sentence was not increased and the statute did not change existing law but merely clarified it. *See State v. Barker*, No. 117,901, 2018 WL 5093294, at *3 (Kan. Ct. App. Oct. 19, 2018).

Applicant filed his § 2254 application in federal district court on October 21, 2019. The application asserted only one ground for relief: "28 U.S.C. 2254 – Rule 1.[a][1][2][b], Guarantee Fundamental 6th Amendment Right To A Fair And Speedy Trial, Due Process Of Law." R., Vol. 1 at 8. For supporting facts, the application stated only:

> The facts outlined in the Kansas Supreme Court's decision [accompanying as appendix i] substantially states the nature and procedural posture of this case. No further statement of facts is necessary except for . . . the timeliness of this petition's one-year statute of limitation as contained in 28 U.S.C. 2244[d] October 19[], 2018, [does-not bar pro se petitioner's petition].

2

R., Vol. 1 at 8 (brackets in original, capitalization omitted).  (We note, however, that in response to a question on the court's form ("Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them[?]"), the application stated:  "In light of the court's May 26th, 2000 decision for a '<u>new trial</u>,' I still set in state-prison beyond my right to a 'speedy trial.'  Imprisonment beyond one's constitutional term violates U.S.A. the 8th amendment to cruel and unusual punishment and the 14th amendment due process."  R., Vol. 1 at 14. (capitalization and citation omitted).)

Unable to discern any comprehensible claim in the ground for relief stated in the application, the district court issued a five-page order to show cause on October 24.  The order explained why the application did not appear to raise any cognizable claim and ordered Applicant to show cause why the petition should not be summarily dismissed for (1) failure to state a violation of a *federal* right; (2) failure to exhaust state-court remedies; and (3) failure to state a clear and viable due-process claim. The order required Applicant to respond by November 25, 2019.  But Applicant submitted no response, and on November 27 the district court dismissed the case and declined to issue a COA.  Applicant filed a timely notice of appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different

3

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Thus, a federal court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, "[i]n order for a state court's decision to be an unreasonable application of this Court's case law, the ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (per curiam) (internal quotation marks omitted). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Applicant's brief in this court is scarcely more informative than his § 2254 application; and, of course, he cannot now raise claims not raised in the district court, *see Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005) (issues not raised in district court in § 2254 proceeding are waived). We agree with the district court that the

4

application is inadequate to state a claim for relief. Applicant does not explain how his trial was unfair. Insofar as he is claiming that he has not obtained a speedy trial on the remanded attempted-murder charge, the State's dismissal of the charge on remand eliminated any need for a new trial. And insofar as his due-process claim is a reiteration of the state-court due-process claim he made in challenging his resentencing, he has provided no argument (and we can think of none) why the KCOA's resolution of the claim was an unreasonable application of United States Supreme Court law. Thus, no reasonable jurist could debate the propriety of the district court's dismissal of the § 2254 application

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

5