No. 90,872

HECKERT CONSTRUCTION COMPANY, INC., and SE-KAN ASPHALT SERVICES, INC., *Appellants,* v. CITY OF FORT SCOTT, KANSAS, *Appellee.*

(91 P.3d 1234)

Opinion filed June 25, 2004.

*Clinton E. Patty,* of Frieden, Haynes & Forbes, of Topeka, argued the cause and was on the briefs for appellants.

*Robert L. Farmer,* of Nuss and Farmer, P.A., of Fort Scott, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: Heckert Construction Company, Inc., (Heckert) and SE-KAN Asphalt Services, Inc., (SE-KAN) challenge the sale of asphalt paving materials by the City of Fort Scott (City) to pri-

vate citizens and entities. Heckert and SE-KAN claim that the City is selling asphalt paving materials from its municipal asphalt plant in violation of K.S.A. 12-16,121. We agree.

The facts are not in dispute. The City owns and operates a municipal asphalt plant. Following a public hearing, the Fort Scott City Commission (City Commission) determined that asphalt was not readily available from nongovernmental entities and authorized the sale of asphalt to private citizens and entities. Heckert and SE-KAN sell asphalt in and around Fort Scott, Kansas. They appeared before the City Commission in opposition to the private sale of asphalt but were unable to persuade the City Commission not to sell small quantities of asphalt to its citizens.

As a result, Heckert and SE-KAN brought a declaratory judgment action against the City to enjoin the City from selling asphalt to private individuals and entities. The district court denied Heckert and SE-KAN's petition, upholding the City Commission's determination that asphalt was not readily available from a nongovernmental entity and authorizing the sale of asphalt to private individuals and entities in accordance with K.S.A. 12-16,121. Heckert and SE-KAN appealed, and the matter was transferred to this court pursuant to K.S.A. 20-3018(c).

A judgment rendered or final order made by a political subdivision exercising judicial or quasi-judicial functions may be reversed, vacated, or modified by the district court on appeal under K.S.A. 60-2101. A decision of a legislative body is quasi-judicial if a state or local law (1) requires notice to the community before the action, (2) requires a public hearing pursuant to notice, and (3) requires the application of criteria established by law to the specific facts of the case. *Reiter v. City of Beloit*, 263 Kan. 74, 85, 947 P.2d 425 (1997).

Because the City Commission's decision was quasi-judicial in nature, the court's standard of review is whether, as a matter of law, (1) the City acted fraudulently, arbitrarily, or capriciously, (2) the City's order was substantially supported by evidence, and (3) the City's action was within the scope of its authority. See 263 Kan. at 86.

Heckert and SE-KAN argue that the district court erroneously interpreted the language of K.S.A. 12-16,121, which provides:

"(a) As used in this section and K.S.A. 12-16,122, and amendments thereto:

(1) 'City' means any city.

(2) 'County' means any county.

(3) 'Governing body' means the governing body of any city and the board of county commissioners of any county.

(4) 'Paving material' means crushed rock, asphalt, gravel, aggregate sand or other materials used to pave roads, streets and drives.

"(b) Except as provided in subsection (c), the governing body of any city or county shall not sell or otherwise provide paving material to any private person or private entity.

"(c) The provisions of subsection (b) shall not apply if the governing body has:

(1) Made a determination that such paving materials are not readily available from a nongovernmental entity; or

(2) adopted a resolution declaring the existence of a disaster, emergency or the threat of disaster or emergency."

The interpretation of a statute is a question of law over which this court has de novo review. An appellate court is not bound by the trial court's interpretation. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003). When interpreting the language of a statute, the fundamental rule is that the intent of the legislature governs if that intent can be ascertained. Courts presume that the legislature expressed its intent through the language of the statute, so when a statute is plain and unambiguous, the court must give effect to the legislature's intent as it is expressed. 275 Kan. at 305. Ordinary words are given their ordinary meanings. A statute should not be read to add something that is not found in the plain words used by the legislature or delete something that is clearly within the ordinary language used. *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

The language of K.S.A. 12-16,121 is unambiguous. The legislature's clear intention for K.S.A. 12-16,121 is to prevent local governments from competing with the private paving material industry as long as paving material is readily available from a private company. The key question to resolving this dispute is the meaning of

the phrase "readily available from a nongovernmental entity" in K.S.A. 12-16,121.

Heckert and SE-KAN argue that they are nongovernmental entities that can provide asphalt to the private individuals and entities in the City. The City, however, argues that paving materials from Heckert and SE-KAN are not readily available because the cost to haul small quantities of asphalt from their plants would be cost prohibitive to the residents of the City.

To determine the legislature's intent, the court must first consider the ordinary meanings of the words chosen by the legislature. *GT, Kansas, L.L.C.*, 271 Kan. at 316. "Readily" is defined as "in a ready manner: with readiness: as **a**: with prompt willingness: without hesitating, quibbling, or delaying: with alacrity: willingly." Webster's Third New International Dictionary 1889 (1993). Black's Law Dictionary defines "available" as "[s]uitable; useable; accessible; obtainable; present or ready for immediate use." Black's Law Dictionary 135 (6th ed. 1990). When combined in the context of K.S.A. 12-16,121, the phrase "readily available" means that something is willingly accessible or obtainable.

At the public hearing on the issue of readily available paving materials from nongovernmental providers, Heckert and SE-KAN advised the City Commission that they had plants within 36 miles of downtown Fort Scott and that they had previously provided hot mix asphalt to private and public customers in and around Fort Scott and would continue to do so. Heckert and SE-KAN further noted that they routinely provide asphalt to customers within a 40- to 80-mile radius of their plant sites.

Heckert and SE-KAN's willingness to service the Fort Scott market is undisputed. No individuals or private entities appeared before the City Commission stating that they had requested and been denied asphalt from either Heckert or SE-KAN. Nevertheless, the City Commission found that paving materials were not readily available from nongovernmental providers and authorized the sale of asphalt from the City's asphalt plant.

The district court's decision upholding the City's determination is based on its finding that Heckert and SE-KAN "would have little interest in providing asphalt for the type of work represented by

[the City's] invoices or could only do so at a cost that would make such small amounts expense prohibitive for the customer." There is no evidence in the record to support this finding. Neither Heckert nor SE-KAN advised the City Commission that they were only interested in the sale of large quantities of asphalt. Likewise, there was no information before the City Commission regarding the cost for hauling any amount of asphalt from Heckert's or SE-KAN's plants. Consequently, the City's order is not supported by sufficient evidence and must be reversed.

This matter is reversed, based on the record before us, and remanded with instructions to the trial court to enjoin the City from selling asphalt to private individuals and entities.