The Honorable Jim Barone State Senator, 13th District 611 W. Leighton Frontenac, Kansas 66763
Dear Senator Barone:
You request our opinion regarding whether a unified school district that proposes entering into a lease-purchase agreement that extends for more than one year and that provides for payments in excess of $100,000 over the term of the agreement is required to publish a notice pursuant to K.S.A. 10-1116c.
The board of education of a unified school district is authorized to enter into a lease-purchase agreement that specifically states the district is obligated only to pay periodic payments or monthly installments under the agreement as may lawfully be made from (a) funds budgeted and appropriated for that purpose during the district's current budget year or (b) funds made available from any lawfully operated revenue producing source.[1]
 "Such lease or lease-purchase agreement may provide for annual or other payment of rent or rental fees and may obligate the school district to payment of maintenance or other expenses. . . . Any lease-purchase agreement which is entered into under authority of this section by any school district and which involves the acquisition of land or buildings is subject to the provisions of K.S.A. 10-1116c, and amendments thereto."[2]
Conditions that must be met by a municipality when entering into a lease-purchase agreement are set forth in K.S.A. 10-1116c.
 "If the municipality is a . . . school district . . . and the proposed agreement involves the acquisition of land or buildings, is for a term exceeding the current fiscal year of the municipality, and provides for annual payments which in the aggregate exceed $100,000, the governing body of such municipality first shall adopt a resolution stating its intent to enter into such lease-purchase agreement. The resolution shall specify the total of all payments to be made pursuant to the agreement and the purpose for which such agreement is to be entered into. The resolution shall be published once each week for two consecutive weeks in a newspaper of general circulation within the municipality."[3]
The resolution is then subject to protest and, if a valid petition is submitted, must be approved by the electors before the board of education may enter into the lease-purchase agreement.[4]
In determining when a resolution regarding a lease-purchase agreement must be published, we look to the rules of statutory construction.
 "When interpreting the language of a statute, the fundamental rule is that the intent of the legislature governs if that intent can be ascertained. Courts presume that the legislature expressed its intent through the language of the statute, so when a statute is plain and unambiguous, the court must give effect to the legislature's intent as it is expressed. Ordinary words are given their ordinary meanings. A statute should not be read to add something that is not found in the plain words used by the legislature or delete something that is clearly within the ordinary language used."[5]
Subsection (c) of K.S.A. 10-1116c clearly requires that a resolution be published when the agreement (1) involves the acquisition of land or buildings, (2) is for a term exceeding the current fiscal year and (3) provides for annual payments which in the aggregate exceed $100,000. Confusion in interpreting the statute appears to involve what is meant by "annual payments." "Annual" means "1. [r]ecurring, done, or performed every year: YEARLY an annual checkup 2. [d]etermined by a year's timeannual precipitation. . . ."[6] The ordinary meaning of "annual" does not clarify when the publication requirement is applicable. It remains to be determined whether the requirement that a resolution be published is based on the total amount of the yearly payments or on the total amount of payments made within a calendar year.
"In construing statutes and determining legislative intent, several provisions of an act or acts, in pari materia, must be construed together with a view of reconciling and bringing them into workable harmony if possible."[7] When the Legislature revises an existing law, it is presumed that the Legislature intended to change the law as it existed prior to the amendment.[8]
Beginning on May 24, 1990, the board of education of a unified school district was authorized to enter into a lease-purchase.[9] The lease-purchase agreement could provide for "annual or other payment of rent or rental charges."[10] Subsection (b) of K.S.A. 10-1116c, which was first enacted in the same legislative act, required publication of a notice of intent to enter into a lease-purchase agreement when the lease-purchase agreement "involves the acquisition of land or buildings, is for a term of three or more years, and provides for payments in anyyear in excess of 3% of the total amount budgeted by the municipality for expenditure during the current year, excluding debt service. . . ."[11]
In 1996, the Legislature expressly excluded a school district from subsection (b) of K.S.A. 10-1116c and added subsection (c) to K.S.A.10-1116c which thereafter established the conditions for determining when a published notice is required before a school district may enter into a lease-purchase agreement. While subsections (b) and (c) of K.S.A. 10-1116c
are substantially similar, there is one notable difference in one of the three conditions that require publication of a notice. The published notice continues to be required under subsection (b) when the agreement "provides for payments in any year in excess of 3% of the total amount budgeted by the municipality" while publication is required under subsection (c) when the proposed agreement "provides for annual paymentswhich in the aggregate exceed $100,000. . . ."[12] As previously noted, the board of education of a unified school district already possessed the authority to enter into a lease-purchase agreement that extended over more than one fiscal year and that provided for "annual or other payment of rent or rental fees."[13] K.S.A. 72-8225 clearly continues to authorize a lease-purchase agreement under which an annual rental payment is made. In construing the provisions of K.S.A. 10-1116c
and 72-8225 together and noting the difference in language in subsections (b) and (c) of K.S.A. 10-1116c, it is determined that publication of a resolution is required when the total amount of yearly payments to be made exceeds $100,000. If the Legislature had intended that the aggregate amount be based on the amount of payments made within one year, it could have used the phrase "in any year" as is set forth in subsection (b).
In review, the board of education of a unified school district is required under K.S.A. 10-1116c to publish a resolution stating its intention to enter a lease-purchase agreement when the agreement involves the acquisition of land or buildings, is for a term exceeding the current fiscal year of the district, and provides for yearly payments that in total exceed $100,000.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] K.S.A. 72-8225. See K.S.A. 10-1116b.
[2] K.S.A. 72-8225.
[3] K.S.A. 10-1116c(c).
[4] Id.
[5] Heckert Construction Co., Inc. v. City of Fort Scott, 278 Kan. 223,225 (2004) (internal citation omitted).
[6] Webster's New Riverside University Dictionary 110 (1988).
[7] Mutual Savings Ass'n v. Res/Com Properties, L.L.C.,32 Kan.App.2d 48 (2004), quoting Petty v. City of El Dorado,270 Kan. 847, 852 (2001).
[8] Holt ex rel. Holt v. Wesley Medical Center, L.L.C., 227 Kan. 536, 543
(2004).
[9] See L. 1990, Ch. 74, §§ 4, 8.
[10] L. 1990, Ch. 74, § 4.
[11] L. 1990, Ch. 74, § 3(b) (emphasis added).
[12] K.S.A. 10-1116c (emphasis added).
[13] K.S.A. 72-8225.