NOT DESIGNATED FOR PUBLICATION

No. 115,952

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GEORGE T. SAYERS and CLARA SAYERS,
*Appellants/Cross-appellees*,

v.

CITY OF POMONA,
*Appellee/Cross-appellant*.

MEMORANDUM OPINION

Appeal from Franklin District Court; ERIC W. GODDERZ, judge. Opinion filed May 12, 2017. Reversed and remanded with directions.

*Phillip L. Turner*, of Turner & Turner Law Office, of Topeka, for appellants/cross-appellees.

*Andrew D. Holder* and *David R. Cooper*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellee/cross-appellant.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

LEBEN, J.: The City of Pomona concluded that the house at 523 Monroe Street, owned by George and Clara Sayers, was unsafe and dangerous, so the City had it demolished. After the demolition, the Sayerses sued the City for damages, claiming that the City failed to follow notice-and-hearing requirements set out in Kansas statutes before it demolished the house.

The district court granted summary judgment in the City's favor, concluding that the Sayerses knew in advance that the City was going to demolish the house yet did nothing to seek a hearing before the City or a court injunction before the demolition. But

the district court has improperly shifted the burden from the City—which by statute must provide a hearing in advance of demolition in most cases—to the Sayerses.

The City's legal authority comes from a series of statutes, found at K.S.A. 12-1750 to 12-1756, that allow a city to act when structures in the city are unsafe. Except when there is an immediate safety hazard that requires very quick action, see K.S.A. 12-1756, the City must give advance notice to the property owner (as well as occupants and lienholders). As the statute puts it, the City's "governing body, by resolution, shall fix a time and place at which the owner . . . may appear and show cause why such structure should not be condemned and ordered repaired or demolished in the case of unsafe or dangerous structures . . . ." K.S.A. 12-1752. And at that hearing, "the governing body shall hear all evidence submitted by the owner, . . . as well as all evidence submitted by the enforcing officer . . . and shall make findings by resolution." K.S.A. 12-1753.

In this case, as the City notes, George Sayers did learn that the City planned to demolish his property, and he then attended a City Planning Committee meeting where that was discussed. But the Planning Committee is not the body charged with providing notice and a hearing—that's the City's "governing body," its City Council, which must provide that hearing opportunity. The City concedes that the summary-judgment record before the district court showed no notice of a hearing before the City Council—and no council meeting at which Sayers was given an opportunity to present his case.

The district court correctly noted that a city is not prevented from proceeding merely because it fails in some technical respect to comply with notice requirements. See *Hickman Trust v. City of Clay Center*, 266 Kan. 1022, 1033-34, 974 P.2d 584 (1999). So while K.S.A. 12-1752 requires publication in a local newspaper and certified mail notice to the owner—with at least 30 days between the publication notice and the hearing— actual notice with sufficient opportunity to prepare for a hearing would likely suffice.

2

But here, there was *never* a hearing before the City's governing body. Nor was there notice of such a hearing. That the matter was discussed at a Planning Committee meeting does not constitute substantial compliance with the City's duty to provide notice and a hearing before the City Council. Accordingly, the district court erred when it concluded that the Sayerses could not proceed with their suit because the City substantially complied with the notice-and-hearing requirements.

The district court also said that the Sayerses "had adequate time to avail themselves of the Court prior to demolition and did nothing. No civil injunction was ever filed in District Court." The district court cited no legal authority for the proposition that a city's due-process duty to provide notice and a hearing is met if a private party learns that the city failed to provide due process but the private party doesn't go to court to keep the city from acting. The City's failure is not excused.

Before we conclude our opinion, we need to address three additional issues that have been raised on appeal.

First, the City contends that we lack jurisdiction to consider the appeal because the Sayerses didn't sue within 30 days of the City's decision to demolish the house. That argument ultimately fails for the reason we've already discussed—the City never gave notice or provided a hearing before the City Council.

The City's jurisdiction argument rests on its claim that the City's action authorizing demolition of the house came in a "quasi-judicial proceeding." When that happens, a party's right to appeal is under K.S.A. 60-2101(d), which does provide a 30-day time limit for filing the appeal.

When does a city government act quasi-judicially? When it holds hearings, considers evidence, and makes factual findings to support its decision. *Heckert*

3

*Construction Co. v. City of Ft. Scott*, 278 Kan. 223, 224, 91 P.3d 1234 (2004); *In re Tax Appeal of Trickett* 27 Kan. App. 2d 651, 655-56, 8 P.3d 18 (2000). Here, of course, the City neither provided notice of a hearing before the City Council nor held one. Accordingly, it did not act in a quasi-judicial manner, and the Sayerses were not on a 30-day appeal clock under K.S.A. 60-2101(d). See *Schmidt v. U.S.D. No. 322*, 24 Kan. App. 2d 643, 645, 951 P.2d 960 (1997) (noting that the absence of a hearing strongly suggests that an action was not quasi-judicial).

Second, the City also argued in the district court that it acted under its emergency authority to get rid of an immediate safety hazard, a situation in which advance notice and hearing is not required. See K.S.A. 12-1756. The district court denied summary judgment to the City on that ground, however, concluding that there was no evidence in the record that the City had declared the property an immediate hazard at the time it demolished the house. The City cross-appealed to our court on this issue.

As the district court noted, although there was a 2009 condemnation notice saying that the house was a hazard, it's hard to argue that the problems were immediate when the City waited until 2013 to demolish the house. We would add that the 2009 notice gave the owner "60 days to demolish and remove said structure" and provided that in the event the owner failed to do so, that would result "in further legal actions." The 2009 notice did not suffice either as a finding of immediate hazard under K.S.A. 12-1756 or of notice that the property would be demolished without an advance hearing. Nor does the evidence submitted to the district court demonstrate that the house constituted an immediate hazard. The district court properly denied summary judgment on the City's claim that undisputed evidence showed that it acted to get rid of an immediate safety hazard.

Third, the City makes a passing reference in its brief to its ordinance No. 525, which it suggests may provide authority to demolish unsafe structures separate and apart from the authority provided under the Kansas statutes we have cited. At least for the

4

purposes of this appeal, the City has not adequately briefed that argument. It has made no argument that it has home-rule authority or some other means by which to avoid the notice-and-hearing requirements of K.S.A. 12-1752 and K.S.A. 12-1753.

We reverse the district court's judgment, which granted summary judgment to the City, and remand this case for further proceedings consistent with this opinion.