[No. 7884]

### SCURVIN DITCH COMPANY v. ROBERTS ET AL.

EMINENT DOMAIN—*Value of Land Taken,* is to be estimated, not merely with reference to the use to which it is at the time applied, but with reference to all uses to which it is plainly adapted. The owner is entitled to the market value thereof, considered with reference to all useful purposes, to which in its then condition, it can be devoted. (534)

*Error to the Court of Appeals.*

Messrs. LEE & AYLESWORTH, for plaintiff in error.

Mr. FRED FARRAR, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court:

The cause is here upon writ of error to review a judgment of the Court of Appeals, opinion reported in 22 Colo. App., at page 120, 125 Pac. 552, reversing a judgment of the District Court of Larimer County, wherein the trial court held, in effect, that a certain excavation on land belonging to the Roberts Brothers could not be taken into consideration in determining the worth or value thereof, to the Scurvin Ditch Company, who sought to condemn the land for a ditch right of way, the intention being to make use of the excavation referred to as a part of the ditch which it proposed to construct.

The Court of Appeals, in reversing the trial court, correctly announced the doctrine, in substance, that the value of land taken under the statute of eminent domain is to be estimated, not merely with reference to the use to which it is at the time applied, but with reference to all uses to which it is plainly adapted, and that the owner having thereon an excavation for an irrigating ditch, is entitled to the market value of the land, considered with reference to all useful purposes for which it, in its then condition, is available.

Upon thorough examination of the record, the respective briefs of counsel and the opinion of the Court of Appeals, we are persuaded that the conclusions reached by that court are correct and that the judgment based thereon should be affirmed.

In this connection, however, in case of retrial of the question of damage for the taking of the land, it is to be noted that neither the actual amount expended in constructing the ditch, nor the reasonable cost of reproducing it, are elements in fixing the same, but the true measure is the worth of the land for valuable uses,

because of its availability, existing conditions considered.

The judgment of the Court of Appeals is affirmed, and the cause is remanded to it for further action.

Decision *en banc*.

Mr. Justice White dissents.

Mr. Justice Garrigues not participating.

Mr. Justice White dissenting:

The decision of the Court of Appeals sought to be reversed herein is found in 22 Colo. App. 120, 125 Pac. 552. The action is a condemnation suit wherein The Scurvin Ditch Company acquired land of the appellants for a right-of-way for an irrigating ditch. There was no answer made to the petition in condemnation, which constituted the sole pleading. Commissioners were appointed and reported, but the evidence they received, and upon which they acted, is not embodied in the record. In fact, the matters presented to this court, and to the Court of Appeals, are based solely upon the petition in condemnation, the report and award of the commissioners, and the verified motion of appellants to set the same aside. The petition in condemnation shows that Roberts Brothers instituted an injunction suit against The Scurvin Ditch Company to prevent it from occupying the land upon which it was engaged in constructing its ditch, along the line of which there had previously been constructed, or partially constructed, by the North Poudre Irrigation Company, an excavation intended for a ditch which had been conveyed to The Scurvin Ditch Company. It further shows that a rule was thereupon entered directing the issuance of an injunction, unless

The Scurvin Ditch Company should forthwith institute condemnation proceedings to acquire the lands needed. The petition in condemnation conceded some right or ownership of Roberts Brothers in and to the proposed right-of-way which The Scurvin Ditch Company desired, upon which the previously constructed excavation or ditch existed, and asked to have the matter determined and the damages for taking the same assessed. The award of the commissioners shows that the value of the ditch excavation at the time existing upon the land, was not considered but the value of the *land* taken and damaged, together with the benefits to the residue, was determined.

The motion of Roberts Brothers, to set aside the award of the commissioners, was based upon the alleged findings and decree in the injunction suit. In the decision rendered by the Court of Appeals the alleged findings and decree are set forth in full. From an inspection thereof it is seen that after reciting that The Scurvin Ditch Company had filed its petition in eminent domain to acquire the right-of-way for its ditch over the land of Roberts Brothers, in the manner provided by law, and that nothing further remained to be done in the injunction suit, such action was by the court dismissed. Notwithstanding the dismissal of that action it is declared in the opinion of the Court of Appeals that the decree rendered therein became "final" and constituted a "judicial determination" between the parties of the matters set forth in the decree. Court of Appeals Opinion, *supra,* pp. 124, 127, 133.

Until such declaration by the Court of Appeals and the affirmance thereof by the majority opinion herein, I presumed there was no exception to the rule that a dismissal of a suit nullified all proceedings therein, and that after such act the rights of the parties were unaffected thereby. I am still unable to understand, on principle,

how the findings of fact and a decree of the court thereon, in the injunction suit, which action the court thereafter dismissed, can subsequently be of avail in favor of or against either party. On the contrary, I think the injunction proceedings, the findings therein, and the decree, were devoid of life and effect as soon as the condemnation suit was instituted, but, if not then, clearly so upon the dismissal of the action in which the findings were made and the decree entered. The injunction proceedings had thereupon served its purpose and was binding on no one. Moreover, the only question which could be litigated in the injunction suit was the ownership of the land, and the right of The Scurvin Ditch Company to enter thereon, and the filing of the condemnation proceedings conceded such ownership and right of possession to be in Roberts Brothers. It did not, however, concede the ownership of the ditch structure existing or placed thereon. The fact that The Scurvin Ditch Company, in the injunction suit, sought to establish its right to the possession of the land, under the law of estoppel or prescription, and failed so to do, or that the court therein and upon the evidence there produced, found that there had been a cessation of work or non-use of the ditch for a long period of years, and thus an abandonment, and thereafter dismissed the case, was in no sense determinative of the question as to whether Roberts Brothers were entitled, in a condemnation proceeding, to compensation for a ditch on such land in the construction of which they never expended a dollar, and which was built by the grantor of The Scurvin Ditch Company at its own expense. In other words, there was no existing judicial determination that the work in constructing the ditch, by The Scurvin Ditch Company or its grantor, constituted a part of the real estate upon which it was placed; and as both The Scurvin Ditch Company and

its grantor were, under the constitution of this state, vested with the power of eminent domain for their needs in the construction of such work, it did not necessarily become a part of the realty by operation of law. The great weight of authority, as stated in 15 Cyc. 763, 764, is, that when a person or corporation, "invested with the power of eminent domain enters upon land without the consent of the owner, express or implied, and places improvements thereon, and subsequently institutes proceedings to condemn the same land, the common-law rule that a structure erected by a tort feasor becomes a part of the land does not apply, and the owner is not entitled to the value of the improvements thus wrongfully erected. So where a company enters and erects improvements pending condemnation proceedings which are subsequently abandoned, or where it has no positive knowledge as to the ownership of the land, and enters upon it with the intention of subsequently instituting condemnation proceedings, or of subsequently purchasing the land, the owner is not entitled, in proceedings for condemnation afterward commenced, to an award for the value of the improvements so constructed."

Moreover, the rule as I understand it, is not confined, as the opinion of the Court of Appeals would seem to imply, to a particular class of property, such as pipe lines, railroad tracks, etc. On the contrary, it applies to any improvement, though it may consist only in the displacement of the soil in the making of an irrigating ditch, provided only that such improvement was constructed or placed thereon by one invested with the power of eminent domain and who, or whose assignee, seeks thereby to take the land upon which the improvement is located.—*McClarren v. Jeff. Sch. Twp.*, 169 Ind. 140, 82 N. E. 73, 13 L. R. A. (N. S.) 417, 13 Ann. Cas. 978; *Chase v. Jemmett*, 8 Utah, 231, 30 Pac. 757, 16 L. R. A. 805; *Aldridge v. Board of Ed.*, 15 Okla. 354, 82 Pac.

827; *San Francisco, etc., R. Co., v. Taylor,* 86 Cal. 246, 24 Pac. 1027.

The facts of the case at bar clearly bring it within this rule, if the rights of the parties be determined from the records before us. The original ditch construction upon the land was made by a person or corporation authorized to acquire the land for that purpose by condemnation, and at a time when it was thought the land was a part of the public domain and whosoever desired had an absolute right to enter thereon and use the land for such purpose. The Scurvin Ditch Company, the assignee of the original constructor, was and is likewise authorized to acquire land by condemnation for ditch purposes. While the award of the commissioners shows that they did not consider the value of the ditch excavation existing upon the land, the court, nevertheless, approved the award, and in the absence of evidence to the contrary it should, in my opinion, be conclusively presumed that the evidence taken and proceedings in condemnation convinced the court that such improvement was, in no sense, a part of the real estate but a distinct entity belonging to The Scurvin Ditch Company. In any event, the award of the commissioners should not be set aside, unless it was first determined, by a proper adjudication, that the ditch structure or excavation had become a part of the real estate.