STATE DEPARTMENT OF HIGHWAYS, State of Colorado, Petitioner-Appellee,

v.

William Jon WOOLLEY; Dan Alden Woolley; W.H. Woolley and Co., a partnership; W.H. Woolley; Marion J. Woolley; Marlene Hiler; Gordon Hiler; and Donald E. Couch, as Treasurer of Jefferson County, Colorado, Respondents-Appellants.

No. 82CA0285.

Colorado Court of Appeals, Div. III.

Nov. 1, 1984.

As Modified on Denial of Rehearing Dec. 6, 1984.

Certiorari Denied Feb. 25, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Thomas W. Gibb, Asst. Atty. Gen., Denver, for petitioner-appellee.

Opperman & Assoc., P.C., Marlin D. Opperman, William M. Schell, Denver, for respondents-appellants.

KELLY, Judge.

In this condemnation proceeding, the landowners appeal from the order of the trial court adopting the determination of the commission of freeholders valuing property condemned for the construction of a highway improvement. We affirm.

On July 12, 1980, the landowners executed a "Permanent Right of Entry" granting the State Department of Highways the right to enter the subject property to begin construction of the improvements during the pendency of direct purchase negotiations. The right of entry set the valuation date of the property at July 15, 1980. The Department subsequently advertised for bids on the project. Beginning on August 13, 1980, after the bids had been opened,

the landowners notified the Department of their intention to revoke the right of entry.

The Department then filed a petition in condemnation on September 29, 1980, seeking possession of the landowners' six parcels adjoining the highway. Possession in fee was sought as to two of the parcels, temporary easements were sought as to two others, and "slope easements" were sought as to the remaining two parcels.

The Department's motion for immediate possession was granted at the conclusion of a November 5, 1980, hearing. On April 10, 1981, a hearing was held on *in limine* motions at the conclusion of which the trial court held that the right of entry was enforceable and that the July 15, 1980, date of valuation therefore controlled. Following a November 20, 1981, hearing on valuation before a commission of freeholders, a certificate of ascertainment and assessment was filed, which was adopted by the court by order dated January 18, 1982, awarding the landowners $105,015.02.

## I.

The landowners' first contention on appeal is that the Department failed to describe the property interest comprised by the slope easements with sufficient specificity to afford them adequate notice or to permit appropriate valuation. We disagree.

■ Section 38–1–102, C.R.S., states that a petition in condemnation must set forth "the purpose for which said property is sought to be taken or damaged, [and] a description of the property." Unless the exact nature of an easement sought to be taken is fixed by law, a petition must describe in detail the nature of the use to be made of the land so that the burden on the landowner can be accurately evaluated. 6 J. Sackman, *Nichols on Eminent Domain* § 26.112 at 26–60 (1981); *see Coastal Industrial Water Authority v. Celanese Corp.*, 578 S.W.2d 544 (Tex.Civ.App.1979).

Here, the petition contained, in relevant part, only the words "slope easement" followed by a metes and bounds description of the property subject to the easement. The term "slope easement" has not been addressed in Colorado by statute or appellate decision, nor has the Department directed us to any treatise setting forth the nature of slope easements.

■ It is apparent from testimony in the record, however, that a slope easement is an easement reserved to the condemnor to use whatever portion of the property is needed to provide lateral support for the roadbed. Those surface rights to the property which are not required for lateral support are retained by the landowner for any usage which does not interfere with the condemnor's slope easement. The extent of the slope easement necessarily depends upon the facts of each case.

■ Here, the landowner was not deceived by the failure of the Department to describe with particularity the extent of the slope easement claimed in the petition for condemnation. The landowners' expert testified that he valued the slope easements as permanent easements based on the use of the land within the easement as support for the highway. He further stated that, since the rights retained by the landowners were not clearly identified, he gave the owner the benefit of the doubt and valued those rights at 75% of the fee value. Because the slope easements were within the existing 30-foot setback requirement and the landowners were given the benefit of the doubt by their appraiser in the valuation method used, we perceive no prejudice to the landowners from any lack of specificity in the condemnation petition.

## II.

The landowners contend also that the trial court erred in failing to instruct the commission that the Department did not conclude its use of the land pursuant to its temporary easements until the date of trial. We disagree.

■ When private property is condemned for a public purpose, the property owner is entitled to recover an amount equal to the loss which he has suffered by reason of the taking and nothing more.

*Englewood v. Weist,* 184 Colo. 325, 520 P.2d 120 (1974); *see Montgomery Ward & Co. v. Sterling,* 185 Colo. 238, 523 P.2d 465 (1974).

Here, there was evidence that the temporary easements used during the course of construction were re-seeded and the property relinquished to the landowners on October 30, 1981. However, there was evidence that the landowners were not informed until the November 20, 1981, hearing that the Department no longer needed the easements.

 The landowners' appraiser calculated the value of the taking based upon the assumption that possession continued until the date of trial; the Department's appraiser assumed that possession continued only until October 30, 1981. The commission was aware of this factual issue and of the necessity for determining, as a preliminary matter, whether the Department's possession continued beyond October 30, 1981. In view of the factual character of this determination, the trial court did not err in declining to instruct on the issue as a matter of law.

### III.

The landowners argue that the trial court erred in holding that the right of entry executed by them was enforceable. We disagree.

In *Kiely v. St. Germain,* 670 P.2d 764 (Colo.1983), our Supreme Court adopted the principles of promissory estoppel articulated in *Restatement (Second) of Contracts* § 90(1) (1981) as follows:

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

Thus, if a licensee acts to his detriment in reasonable reliance on representations by the licensor as to the duration of the license, the license may become enforceable to the extent reasonably necessary to realize the licensee's expectations. *See Gyra v. Windler,* 40 Colo. 366, 91 P. 36 (1907); *Restatement of Property* § 519(4) (1944).

Here, there was evidence that, prior to the landowners' attempted revocation, the Department expended money and labor in connection with planning, advertising, and conducting bidding in reliance on the right of entry. Accordingly, the landowners are estopped from revoking the right of entry.

The landowners' reliance on *American Coin-Meter of Colorado Springs, Inc. v. Poole,* 31 Colo.App. 316, 503 P.2d 626 (1972) and *Apollo Stereo Music v. Kling,* 528 P.2d 976 (Colo.App.1974) (not selected for official publication) for the contrary proposition is misplaced because in neither of those cases was termination of the license inconsistent with representations by the licensor concerning its duration.

The right of entry being enforceable, the date of valuation set forth in the right of entry is controlling. Section 38–1–114, C.R.S. Accordingly, the landowners' contrary argument must fail.

The landowners' other arguments are without merit.

The judgment is affirmed.

TURSI and METZGER, JJ., concur.