**William A. MERTSCHING, Plaintiff–Appellant,**

**v.**

**Wellington WEBB, Executive Director, Department of Regulatory Agencies, Evelyn Brundage, Administrator, The State Board of Accountancy, Sally E. Thompson, CPA, President; James E. Armstrong, Secretary; John R. Connell, Treasurer; Tim Correll, Member; Janet A. Roberts, Member; and James Armstrong, Tim Correll, Charles Ragsdale and Sally Thompson, Members of a Hearing Panel, all acting as and for the State Board of Accountancy, Defendants–Appellees.**

No. 86CA0292.

Colorado Court of Appeals, Div. IV.

March 31, 1988.

Rehearing Denied June 2, 1988.

William A. Mertsching, pro se.

Duane Woodard, Atty. Gen., Richard H. Forman, Sol. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Beverly Fulton Beckett, Asst. Atty. Gen., Denver, for defendants-appellees.

TURSI, Judge.

Plaintiff, William A. Mertsching, appeals the district court's order affirming the decision of the State Board of Accountancy (Board) finding that he violated § 12–2–123(1)(b), C.R.S. (1985 Repl.Vol. 5) by committing gross negligence in the practice of public accounting. He asserts (1) that his right to due process was violated; (2) that the final action of the Board was arbitrary and capricious; and (3) that there was no basis for the finding of gross negligence. We affirm.

Plaintiff is a certified public accountant licensed by the state. He prepared tax returns for calendar years 1975, 1976 and 1977 for Dr. Gene Mahaffey personally, for his professional corporation, and for the G.F. Mahaffey Family Estate (trust estate) established pursuant to instructions and forms purchased from Educational Scientific Publishers (ESP). Plaintiff was an advisor to ESP on accounting matters.

In 1975, ESP was enjoined from the sale of the trust documents utilized to establish the Mahaffey trust estate for making false representations regarding the tax benefits of such trusts. In June of 1975, the Internal Revenue Service issued revenue rulings which indicated it would treat trust estates similar to the Mahaffey trust as grantor trusts and deny them the tax benefits claimed by the Mahaffey trust in the past.

Plaintiff prepared Mahaffey's 1975, 1976, and 1977 tax returns disregarding the IRS revenue rulings. Plaintiff also failed to advise Dr. Mahaffey that his persistence in filing tax returns claiming these tax benefits would subject him to increased likelihood of IRS audits.

Dr. Mahaffey's personal, corporate, and trust federal income tax returns were audited by the IRS. The benefits claimed pursuant to the trust estate were disallowed. Dr. Mahaffey filed amended returns and was assessed additional income tax, penalties, and interest.

The Board initiated proceedings against plaintiff to revoke his C.P.A. certificate alleging, in part, acts of gross negligence in violation of § 12–2–123(1)(b) based on plaintiff's preparation of Mahaffey's feder-

al income tax returns. The hearing was set for January 30 & 31, 1984.

Prior to the hearing, plaintiff protested to the Board the fact that the Board was to sit as the trier of fact at the hearing. The protest was denied and the hearing was held to the Board.

The Board issued its decision determining that plaintiff had committed gross negligence in the practice of public accounting. It ordered a public reprimand of plaintiff and placed his C.P.A. certificate on probationary status for two years.

Plaintiff brought an action for judicial review in the district court pursuant to § 24–4–106, C.R.S. (1987 Cum.Supp.). The district court affirmed the Board's order.

### I

■ Plaintiff asserts his right to due process was violated because the hearing panel consisted of members of the Board and that since the Board initiated the underlying investigation, it acted as both prosecutor and judge. He maintains the hearing should have been held to a hearing officer pursuant to § 24–4–105, C.R.S. (1982 Repl.Vol. 10) (statute as it existed at the time of the hearing).

The Board initiated the proceeding pursuant to § 12–2–125, C.R.S. (1985 Repl.Vol. 5). That statute required the Board to hold the hearing pursuant to § 24–4–105, which (as does the present statute, § 24–4–105(3), C.R.S. (1987 Cum.Supp.)) provided that the agency "or, *if otherwise authorized by law, a hearing officer*" is to preside at the hearing. (emphasis supplied) However, neither the enabling statutes for the Board, § 12–2–101, et seq., C.R.S. (1985 Repl.Vol. 5), nor the State Administrative Procedure Act, § 24–4–101, et seq., C.R.S. (1987 Cum. Supp.), authorized the Board to use a hearing officer.

Accordingly, the Board was required by statute to initiate proceedings, hear the evidence, and render the decision. And, as applied here, the statute does not violate plaintiff's right of due process. *See Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); *Leonard v. Board of Directors,* 673 P.2d 1019 (Colo.App. 1983).

### II

Plaintiff contends the final action of the Board was arbitrary and capricious. We disagree.

■ In order for a reviewing court to set aside a decision by an administrative agency on the ground that it is arbitrary or capricious, the court must find there is no competent evidence in the record as a whole supporting the agency's decision. Section 24–4–106(7), C.R.S. (1982 Repl.Vol. 10); *Noe v. Dolan,* 197 Colo. 32, 589 P.2d 483 (1979); *Board of County Commissioners v. Colorado Board of Assessment Appeals,* 628 P.2d 156 (Colo.App.1981).

■ Here, the findings of the board are supported by substantial evidence on the record. It is undisputed that plaintiff prepared the tax returns contrary to the revenue rulings. The revenue rulings were entered as exhibits. Dr. Mahaffey testified regarding plaintiff's failure to advise him.

### III

Plaintiff also asserts that there was no basis for the finding of gross negligence because "gross negligence in the practice of public accounting" was not defined by standards issued by the Board. This argument is without merit. *See Lee v. State Board of Dental Examiners,* 654 P.2d 839 (Colo.1982) (applying existing case law to define "gross incompetence").

Judgment affirmed.

KELLY, C.J., and METZGER, J., concur.