**PLATTE RIVER POWER AUTHORITY,** a public corporation and political subdivision of the State of Colorado, Petitioner–Appellant,

v.

David P. NELSON, Kent P. Nelson, Golden Gravel Company, a Colorado corporation, Nick Wimmershoff, Cathy Wimmershoff, Donald D. Kammerzell, Roseanne Kammerzell, Dale Herbert Klug, and Dale Herbert Klug, d/b/a Colorado Fertilizer & Landscaping, Respondents–Appellees.

No. 86CA1817.

Colorado Court of Appeals, Div. II.

May 4, 1989.

Fischer, Brown, Huddleson & Gunn, Charles R. Huddleson, Ft. Collins, for petitioner-appellant.

Calkins, Kramer, Grimshaw & Harring, Wayne B. Schroeder, Martha C. Pickett, Denver, for respondents-appellees.

METZGER, Judge.

In this condemnation action, the petitioner, Platte River Power Authority, appeals the trial court judgment awarding attorney fees to respondents (landowners). Platte River argues that the dismissal of the condemnation action failed to constitute a finding pursuant to § 38-1-122, C.R.S. (1988 Cum.Supp.) that Platte River was "not authorized by law to acquire real property or interests therein sought in a condemnation proceeding." Hence, it asserts that an award of attorney fees was not proper. It also contends that the trial court's failure to conduct an evidentiary hearing concerning the reasonableness of the attorney fees constituted error. We affirm.

Platte River, a public corporation and political subdivision of the State of Colorado, supplies electricity to the City of Longmont in accordance with § 29-1-201, et seq., C.R.S. (1986 Repl.Vol. 12A) It commenced eminent domain proceedings to acquire electrical transmission line easements from the landowners, "together with a right-of-way on, along, and in as well as the right of ingress to and egress from the easement strip across the adjoining lands of the fee owner thereof...."

After a hearing on Platte River's motion for immediate possession, the trial court found that no description of the easement for ingress and egress had been furnished and dismissed Platte River's petition. Upon the landowners' request, the court awarded attorney fees and costs totalling $25,952.

## I.

Platte River concedes that its petition failed to delineate or describe the easement for ingress and egress. However, it argues that an award of attorney fees under § 38-1-122 is proper only after a final determination that the condemnor lacks the authority to condemn, and that the dismissal of this action does not constitute such a determination. We disagree.

The constitutional protection against the taking of private property by government without due process imposes on the condemning governmental entity a requirement of strict compliance with and interpretation of the pertinent condemnation statutes. *Stuart v. County Commissioners*, 25 Colo.App. 568, 139 P. 577 (1914); *see also Potashnik v. Public Service Co.*, 126 Colo. 98, 247 P.2d 137 (1952). Thus, while eminent domain statutes are strictly construed against the government, they must be liberally construed in favor of property owners.

The concept of just compensation is essentially one of fairness. *Upper Eagle Valley Sanitation District v. Carnie*, 634 P.2d 1008 (Colo.App.1981). Therefore, a property owner should not be required to incur costs when the condemning authority does not proceed properly. *Department of Highways v. Kelley*, 151 Colo. 517, 379 P.2d 386 (1963). We construe the statute to accomplish this end.

Section 38-1-122(1), C.R.S. (1988 Cum. Supp.) provides:

"If the court finds that a petitioner is not authorized by law to acquire real property or interests therein sought in a condemnation proceeding, it shall award reasonable attorney fees, in addition to any other costs assessed, to the property owner who participated in the proceeding."

Here, the record supports the trial court's finding that the ingress and egress portion of the easement was not described in the petition so as to enable it to enter a rule and order. Platte River concedes the validity of that finding and does not contest the trial court's dismissal of its petition in condemnation.

Since this lack of description constitutes a fatal defect, the petition in condemnation is insufficient as a matter of law to constitute a valid exercise of the power of eminent domain. *See* § 38-1-102, C.R.S. (1982 Repl.Vol. 16A). Thus, the dismissal of the action on that basis constituted a final determination that Platte River, having failed

to exercise its power to condemn in a manner consistent with the law, was "not authorized by law" to proceed with condemnation. *See Mertsching v. Webb*, 757 P.2d 1102 (Colo.App.1988). Accordingly, the award of attorney fees was proper under the statute.

## II.

■ Platte River also contends that the trial court erred in awarding attorney fees based on an affidavit of fees and Platte River's response thereto without conducting a hearing to determine the reasonableness of these fees. Again, we disagree.

C.R.C.P. 121 § 1–15 affords the trial court discretion to determine the necessity of an evidentiary hearing prior to the disposition of motions. If oral argument is neither requested by a party nor ordered by the court, the court is required promptly to rule on the motion, based upon the motion and briefs submitted. C.R.C.P. 121 § 1–15(4); *see Conrad v. Imatani*, 724 P.2d 89 (Colo.App.1986); *Ceconi v. Geosurveys, Inc.*, 682 P.2d 68 (Colo.App.1984).

Here, landowners supplied affidavits and extensive supporting information concerning attorney fees. Platte River filed nothing disputing the amounts requested, nor did it request a hearing. We conclude that the trial court did not abuse its discretion in awarding fees without conducting a hearing.

The judgment is affirmed.

SMITH and MARQUEZ, JJ., concur.